IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON,<br>an individual,<br><br>   Plaintiff,<br><br>v.<br><br>1000 CHURCHMANS ROAD, LLC,<br>a Delaware Limited Liability Company,<br><br>   Defendant. | Case No: |

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues 1000 CHURCHMANS ROAD, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4.  MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

1

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, 1000 CHURCHMANS ROAD, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Crab Du Jour Cajun Seafood & Bar, generally located at 1000 Churchmans Rd, Newark, DE 19713 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, which includes a seafood restaurant, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. CANNON last attempted to eat at the Property in early February, 2025, while he was in the Newark area because he enjoys the seafood served there. The Property is also conveniently located along the route to Wilmington and only approximately sixteen (16) miles from Plaintiff's residence.

11. During his recent attempted visits to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. CANNON intends to and will visit the Defendant's Property as a patron because he enjoys the food served there. MR. CANNON additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property and by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered at the Property:

    A. Plaintiff encountered that the two (2) parking spaces painted for disabled use throughout the Property were not accessible due to a lack of signage to identify them as exclusively for disabled use. These issues made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

    B. Plaintiff encountered an inaccessible parking lot due to a shortage of ADA parking spaces. Specifically, while there are approximately over sixty (60) total parking spaces, only two are marked for ADA use where three are required. Further, while at least one of the ADA spaces are required to be the larger van accessible variety, neither of them are marked or sized for van access. Due to these issues, Plaintiff could not safely park his van in the lot during his visits.

      C.      Plaintiff encountered that both of the intended ADA parking spaces were not accessible due to slopes in excess of 1:48. Due to this issue, Plaintiff had to use extra caution to transfer into and out of his vehicle to avoid a fall.

      D.      Plaintiff encountered an inaccessible curb ramp leading from the intended ADA parking to the Property sidewalk near the front entrance due to steep slopes and uneven transitions which made it difficult and dangerous for Plaintiff to independently maneuver onto the sidewalk using his wheelchair.

14.    To date, these readily achievable barriers and other violations of the ADA still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.    Removal of the barriers to access located at the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

16.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

17.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated March 10, 2025.

Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
10 Corporate Circle, Suite 301
New Castle, DE 19720
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail: davy@jcdelaw.com

-and-

Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976